**CODY KELLEY**        : 14th JUDICIAL DISTRICT COURT

Vs. No. 2020· 1342 H      : PARISH OF CALCASIEU

**WALMART INC. and
HEWLETT-PACKARD FINANCIAL
SERVICES COMPANY**      : STATE OF LOUISIANA

FILED: _3· 24·2020_       _____
                              DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

The petition for **CODY KELLEY**, a person of the full age of majority and resident of the County of Orange, State of Texas, who in bringing this Petition for Damages specifically avers as follows:

1.

Made defendants are:

1. **WALMART INC.**, "Walmart," a foreign company authorized to do, and in fact doing systemic and continuous business in Louisiana who may be served at its principal business establishment in Louisiana through CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2. **HEWLETT-PACKARD FINANCIAL SERVICES COMPANY**, "HP," a foreign company authorized to do, and in fact doing systemic and continuous business in Louisiana who may be served at its principal business establishment in Louisiana through CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

2.

Petitioner, **CODY KELLEY**, is entitled to recover just and proper damages from Defendants, *in solido*, in an amount that will reasonably compensate him for all damages to which he is entitled by law, which will be set forth by the trier of fact, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

CALCASIEU CLERK-COST
MAR 30 2020 PM12:21:24

3.

The incident sued upon occurred within the Parish of Calcasieu, State of Louisiana. Therefore, the 14th Judicial District of the State of Louisiana is the proper venue to bring this action.

4.

At all times relevant hereto, Defendants **WALMART INC.** and **HP** owned, operated, had custody, right of control, actual control and/or *garde* of the Walmart Supercenter Store #331 located at 525 N. Cities Service Hwy, Sulphur, LA 70663.



EXHIBIT

A

5.

On or about June 30, 2019 Petitioner was severely injured as a result of a dangerous condition on Defendants' premises while shopping. While reaching into a cooler to retrieve food products, he sustained a severe electrical shock when part of his body came into contact with exposed components and/or electrical wiring of the cooler.

6.

Upon information and belief and at all times material hereto, Defendant **WALMART INC.** is self-insured and/or was provided a policy or contract of insurance by **CLAIMS MANAGEMENT, INC.** in effect on the date Petitioner was injured, which policy provided general liability or premises coverage, including medical payments coverage, and under which policy the said company agreed to pay on behalf of its insured any sums for which the insured might become legally liable on all causes of action and for all amounts up to the limits of its policy.

8.

The premises is owned and/or operated by Defendants **WALMART INC.** and **HP** and is open to the general public. Petitioner entered Defendants' premises in response to Defendants' invitation and for the mutual benefit of Petitioner and Defendants. The purpose of the structure was to invite and receive people as customers of the store to purchase goods in exchange for money. Petitioner was among Defendants' invitees.

9.

Because Petitioner was an invitee at the time of injury, Defendants owed him a duty to exercise great care to keep the premises in a safe condition, inspect the premises to discover defects, to make safe any defects or give an adequate warning of any dangers and to take proper actions and make proper warnings of remedial measures in place to cure and or correct dangerous conditions on the property.

10.

On information and belief, Defendants had custody, right of control, actual control and/or *garde* over the subject area and cooler where the dangerous condition existed.

11.

On information and belief, the dangerous condition created by the exposed components of the subject cooler where Petitioner was injured existed for such a time that Defendants, including without limitation their agents, servants, employees, contractors and/or subcontractors, either

knew or should have known of its existence. Defendants therefore had notice of the unreasonably dangerous and defective condition.

12.

Petitioner **CODY KELLEY** in no way caused the incident and had no opportunity to avoid the injuries and losses he sustained. To the contrary, the incident was caused solely, exclusively, and proximately by the fault, negligence, gross negligence, recklessness, and carelessness of Defendants **WALMART INC** and **HP.**

13.

The fault, negligence, gross negligence, recklessness, and carelessness of Defendants consisted of the following non-exclusive particulars:

a.   Failure to warn Petitioner of a defective condition;

b.   Failure to warn Petitioner of an unreasonably dangerous condition;

c.   Failure to provide for the safety of Petitioner;

d.   Failure to maintain the premises in a reasonably safe condition;

e.   Failure to fix and/or eliminate an unreasonably dangerous condition;

f.   Failure to eliminate an unreasonable risk of harm;

g.   Failure to inspect the premises for dangerous conditions;

h.   Failing to clean the premises daily;

i.   Failing in general to exercise due care and caution under the prevailing facts and circumstances;

j.   Failing to provide reasonable and customary housekeeping;

k.   Failing to train staff to inspect for dangerous conditions;

l.   Failing to discharge a duty owed to a person in the capacity of Petitioner;

m.   Failing to implement and enforce proper safety policies, procedures and protocols;

n.   Failing to conduct proper risk assessment and implement remedial measures to guard against the type of risk encountered by Petitioner;

o.   Violating Louisiana State laws, regulations and codes including, without limitation, LA.C.C. Art's. 2315, 2316, 2317, 2317.1, 2320 and 2322; La. RS 9:2800.6; and

p.   All other acts of negligence that may be shown through discovery and trial of this matter.

14.

Defendants' conduct and that of their agents, servants, employees, contractors and/or subcontractors, all acting within the scope of their employment with Defendants, constituted a

breach of the duty of ordinary care owed by Defendants to Petitioner. Defendants knew, or should have known, that the condition on the premises created an unreasonable risk of harm to invitees in that Defendants knew, or should have known, that exposed components and/or wiring in the subject cooler on their premises would likely cause patrons, specifically Petitioner, to come into contact with said components and/or wiring. Defendants knew, or should have known, that this condition posed an unreasonable risk of harm to customers such as Petitioner. Defendants and/or their agents, servants, employees, contractors and/or subcontractors, acting in the course and scope of their employment with Defendants, failed to adequately warn Petitioner of the unreasonable danger posed by the subject cooler and its exposed components and/or wiring. These acts and omissions, whether taken singularly or in any combination, were a proximate cause of Petitioner's injuries and damages as described below.

15.

As a result of the above described incident, **CODY KELLEY** has sustained harms and losses as defined and characterized by Louisiana law to be General Damages and Special Damages, and is entitled to recover such damages as are reasonable in the premises. Said damages include, without limitation, past, present and future:

1.   Physical pain and suffering;

2.   Medical, surgical and rehabilitation expenses;

3.   Travel expenses associated with medical care;

4.   Lost wages, loss of earning capacity, and loss of fringe benefits;

5.   Any and all other general and/or special damages recoverable under the applicable laws, the form and substance of which will be more fully revealed during discovery and shown at the trial on the merits of these proceedings; and

16.

On information and belief, Petitioners' damages are in excess of $50,000. Petitioners therefore request a trial by jury.

**WHEREFORE, PETITIONER PRAYS:**

1.   That his Petition for Damages be filed, that Defendant(s) be cited with a certified copy thereof, and be required to appear and answer same;

2.   That, after proper service has been had, and after all legal delays and sufficient proof, that there be judgment in favor of Petitioner, **CODY KELLEY** and against Defendant(s) **WALMART INC.** and **HP** jointly and divisible, *in solido*, or,

alternatively, as their interests may appear, for the full amount of Petitioner's general and special damages as just and proper in the premises, plus interest from the date of judicial demand until paid, and for all costs of these proceedings, including the fees of all experts, whether or not  called as witnesses, and all equitable and just relief;

3.     For trial by jury.

Respectfully Submitted,

BADON LAW FIRM, L.L.C.

KENNETH E. BADON, #02641
MARC C. BADON, #35033
1318 Ryan Street
P.O. Box 3307
Lake Charles, LA 70602-3307
Phone: (337) 433-4608
Facsimile: (337) 439-3444
*Attorneys for Petitioner*

PLEASE SERVE THE FOREGOING:

1.     **WALMART INC.** through CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816, with discovery (included with service copy).

2.     **HEWLETT-PACKARD FINANCIAL SERVICES COMPANY** through CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana        JUN 1 0 2020

**CODY KELLEY**                    : 14th **JUDICIAL DISTRICT COURT**

Vs. No. 2020 - 1342 H             : **PARISH OF CALCASIEU**

**WALMART INC. and**
**HEWLETT-PACKARD FINANCIAL**
**SERVICES COMPANY**              : **STATE OF LOUISIANA**

FILED: 3.24.2020                  :
                                  DEPUTY CLERK OF COURT

**VERIFICATION**

BEFORE ME, the undersigned authority, personally came and appeared the undersigned

Petitioner, **CODY KELLEY**, who being duly sworn did depose and say:

The above and foregoing petition has been read by Petitioner and all allegations are true

and correct to the best of her knowledge.

_____
CODY KELLEY
4220 St. James Street
Vidor TX, 77662

SWORN TO AND SUBSCRIBED before me at Lake Charles, Calcasieu Parish, Louisiana

on this the 11th day of march, 2020.

_____
JAN BADON GAYLE #14610
Notary Public
1318 Ryan Street
Lake Charles, LA  70601

CODY KELLEY                              : 14th JUDICIAL DISTRICT COURT

Vs. No.                                  : PARISH OF CALCASIEU

WALMART INC. and
HEWLETT-PACKARD FINANCIAL
SERVICES COMPANY                         : STATE OF LOUISIANA

FILED: __3·24·2000__                     : _____
                                           DEPUTY CLERK OF COURT

## ORDER

In consideration of the above and foregoing:

IT IS ORDERED ADJUDGED, AND DECREED that this Petition for Damages be filed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this case will be set down to Trial by jury, after posting a bond of $3,600· and a date and time to be determined at a future pre-trial conference scheduled in this matter.

THUS DONE AND SIGNED at Lake Charles, Calcasieu Parish, Louisiana, this 27th day of April, 2020.

_____
DISTRICT JUDGE

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana     JUN 1 0 2020